El Juez Asociado Señor Rivera Pérez
emitió la opinión del Tribunal.
En este recurso se nos solicita la revocación de una sen-tencia emitida por el Tribunal de Apelaciones, por la cual se confirmó el dictamen del Tribunal de Primera Instancia. El foro primario por vía de sentencia sumaria declaró “ha lugar” una demanda en cobro de dinero por $283,063.15 contra el municipio de San Juan.
I
El 16 de febrero de 2000, el municipio de San Juan (Mu-nicipio) realizó una subasta para adquirir servicios de la-boratorios de referencia para sus Centros de Salud del De-partamento de Salud. Las Marías Reference Lab. (Las Marías), obtuvo la adjudicación de esta subasta. El 27 de marzo de 2000, el Municipio y Las Marías suscribieron un contrato para dichos servicios por dos años con fecha de vigencia hasta el 27 de marzo de 2002.
El inciso (10) del referido contrato dispone lo siguiente:
Constituye elemento esencial para la adjudicación de esta su-basta el análisis de solidez económica y moral del licitador por lo que se prohíbe expresamente al licitador agraciado, traspa-sar, transferir, conceder, vender, asignar o de otra forma dispo-ner de los derechos y deberes incluyendo los créditos que el licitador o contratista adquiera a su favor por este contrato, entiéndase cesiones de crédito, contrato de refacción industrial y comercial entre otros, a ninguna persona natural o ju-rídica sin el consentimiento previo y por escrito de la Junta de Subasta. El licitador garantiza al someter su propuesta fir- *998 mada que su situación financiera es sólida y su crédito es excelente. (Enfasis nuestro.)
El 26 de diciembre de 2001, vigente el contrato, Quest Diagnostics of Puerto Rico, Inc. (Quest) adquirió varios ac-tivos de Las Marías, entre los cuales se encontraba el con-trato antes descrito. Las Marías no solicitó ni obtuvo el consentimiento del Municipio para dicho traspaso. Ade-más, el contrato no fue enmendado en forma alguna para sustituir a Las Marías por Quest.
El 8 de octubre de 2002, y luego de vencido el contrato original, la supervisora de la sección de compras y subas-tas del Departamento de Salud del Municipio, mediante una carta, solicitó la extensión del contrato hasta el 31 de diciembre de 2002. De igual forma, el contrato fue exten-dido en cuatro ocasiones —hasta el 31 de julio de 2003— esto a más de un año del vencimiento del contrato original. En las últimas dos ocasiones los funcionarios del Municipio expresaron que las extensiones solicitadas habían sido aprobadas por la Junta de Subastas mediante reuniones celebradas a tales efectos. Sin embargo, no existe prueba sobre tales acuerdos.
El 18 de febrero de 2004, Quest presentó una acción judicial en cobro de dinero contra el Municipio por $283,063.15. Posteriormente, el Municipio presentó una solicitud de sentencia sumaria. El foro primario determinó que las cartas para extender el contrato constituyeron un consentimiento tácito por parte del Municipio. Además, de-claró “con lugar” la solicitud de sentencia sumaria a favor de Quest y condenó al Municipio al pago de $283,063.15. Basó su decisión en que una enmienda a la normativa apli-cable permite subsanar el no haber realizado un contrato escrito. El Municipio apeló oportunamente dicho dictamen al Tribunal de Apelaciones, quien confirmó la sentencia del foro primario.
Inconforme con esta determinación, el Municipio recu-rrió ante nos y señaló los errores siguientes:

*999
Erró el Tribunal de Apelaciones al confirmar la sentencia emi-tida por el Tribunal de Instancia y concluir que entre Quest y el Municipio de San Juan se crearon obligaciones jurídicas en atención a la cesión o traspaso del contrato con Las Marías Reference Lab., a pesar que Quest nunca suscribió con el Mu-nicipio contrato escrito alguno.

Erró el Tribunal de Apelaciones al confirmar la sentencia emi-tida por el Tribunal de Instancia y concluir que el contrato entre Las Marías Reference Lab. y el Municipio de San Juan se extendió válidamente a través de cartas suscritas por emplea-dos municipales sin facultad legal para suscribir contratos a nombre del Municipio.

Debidamente sometidos los alegatos de las partes, pro-cedemos a resolver sin ulterior trámite.
II
El asunto central a resolver es determinar si la cesión y extensión del contrato en cuestión vinculan al Municipio a los términos allí establecidos. Entendemos que no.
 A. El Código Civil expone el carácter obligatorio de las relaciones jurídicas realizadas mediante contrato.(1) Por su parte, su Art. 1213 exige que para la perfección de una relación contractual válida concurran sus elementos esenciales, a saber, objeto: consentimiento y causa.(2) El Art. 1214 dispone que el consentimiento se manifiesta por el concurso de la oferta y de la aceptación sobre la cosa y causa en el contrato.(3)
Estos requisitos son esenciales, de manera que su falta impide la existencia del contrato.(4) El consentimiento comprende “dos aspectos fundamentales y bien diferenciados: el relativo a la capacidad para consentir y el que se *1000 refiere a la prestación del consentimiento”.(5) El Art. 1216 de nuestro Código Civil reconoce las posibles restricciones a la capacidad para consentir que pueden establecerse me-diante la ley.(6) Esta disposición comprende las prohibicio-nes legales que afectan a determinadas personas con inde-pendencia de sus condiciones estrictamente personales.(7) Este precepto legal se refiere a los contratantes “a quienes la ley les prohíbe prestar su consentim iento en determina-dos casos por razones de moralidad o conveniencia”.(8)
A estos efectos, mediante estatutos especiales, el legislador ha impuesto requisitos y condiciones a la contratación con los municipios. A los contratos con entidades gubernamentales se les examina su validez de acuerdo con los estatutos especiales, en lugar de acudir a las teorías generales de contratos. Mun. de Ponce v. A.C. et al., 153 D.P.R. 1 (2000).
La Ley Núm. 81 de 30 de agosto de 1991, mejor conocida como Ley de Municipios Autónomos del Estado Libre Asociado de Puerto Rico (Ley de Municipios Autónomos), dispone una serie de requisitos para la adjudicación de subastas y su posterior contratación con los municipios.(9) Esta ley delega a la Junta de Subasta el deber de evaluar y adjudicar todas las subastas requeridas por ley. Todos los acuerdos y resoluciones de la Junta deben ser por mayoría de sus miembros, salvo que otra cosa se disponga.(10)
En materia de contratación con municipios se exige que el contrato escrito se remita a la Oficina del Contralor, salvo determinadas excepciones, y que se acredite *1001 certeza de tiempo. Ocasio v. Alcalde Mun. de Maunabo, 121 D.P.R. 37 (1988). La Ley Núm. 127 de 31 de mayo de 2004 enmendó la Ley Núm. 18 de 30 de octubre de 1975 (Ley 18) para disponer que no se declarará nulo un con-trato municipal por el sólo hecho de que no haya sido regis-trado o remitido a la Oficina del Contralor.(11) Esta en-mienda no alteró la política pública que persigue los demás requisitos establecidos por ley y jurisprudencia, ya que si-gue siendo necesario e indispensable para la validez del contrato su perfeccionamiento y que conste por escrito. Cordero Vélez v. Mun. de Guánica, 170 D.P.R. 237 (2007); Colón Colón v. Mun. de Arecibo, 170 D.P.R. 718 (2007). El requisito de contrato escrito es de carácter formal o sustan-tivo que sirve como mecanismo profiláctico para evitar pa-gos y reclamaciones fraudulentas e ilegales. Colón Colón v. Mun. de Arecibo, supra.
En Las Marías v. Municipio San Juan, 159 D.P.R. 868, 878 (2003), por descansar en cartas escritas para renovar relaciones contractuales con el Municipio, se declararon nulos los contratos. Dicho caso fue examinado antes de la enmienda a la Ley 18, supra, por lo que fue resuelto bajo la ausencia del registro de los contratos impugnados.
La norma formulada en Fernández & Gutiérrez v. Mun. de San Juan, 147 D.P.R. 824, (1999), está vigente y no ha sido afectada por la enmienda a la Ley 18, supra. En aque-lla ocasión, la demandante reclamaba el pago por cánones de arrendamiento que adeudaba el Municipio. Las partes habían suscrito válidamente un contrato de arrendamiento que expiró. Se alegaba que dicho contrato había sido exten-dido mediante cartas enviadas por el Municipio a la demandante. Sin tener que resolver si las referidas cartas reflejaban el compromiso incondicional para contratar, concluimos que el Municipio no estaba obligado a cumplir con la extensión. Basamos nuestra decisión en que las car-tas no las hizo el Alcalde o la persona delegada por éste *1002 para asumir obligaciones a nombre del Municipio. Además, resolvimos que aún si las cartas las hubiera hecho la persona facultada en ley, no responsabilizaban al Municipio, pues el compromiso no constaba en un contrato escrito.
El Art. 3.009 de la Ley de Municipios Autónomos designa en el Alcalde la facultad y función de representar al Municipio, y de delegar por escrito a otro funcionario las funciones y los deberes que se le asignan en dicha ley.(12)
Estos preceptos legales y su jurisprudencia interpretativa persiguen fomentar la eficacia, honestidad y corrección en protección de los intereses del pueblo. Cordero Vélez v. Mun. de Guánica, supra. El principio establecido dispone que para obligar fondos públicos es necesario seguir los procedimientos establecidos en ley, promoviendo así la sana y recta administración pública. Cordero Vélez v. Mun. de Guánica, supra. Los tribunales están llamados a velar por las disposiciones legales dirigidas a proteger desembolsos públicos, ya que protegen el interés público y no el de las partes contratantes. Hatton v. Mun. de Ponce, 134 D.P.R. 1001 (1994).
Reiteradamente, hemos expresado que los entes privados tienen el deber de asegurar el cumplimiento de la ley al contratar con los municipios o se arriesgan a asumir la responsabilidad por sus pérdidas. Colón Colón v. Mun. de Arecibo, supra. Por consiguiente, hemos determinado la inaplicabilidad de cualquier remedio en equidad por los daños sufridos por no adherirse a la normativa establecida. Las Marías v. Municipio San Juan, supra.
B. La Regla 36.2 de Procedimiento Civil es el mecanismo procesal adecuado para solicitar sentencia por la vía sumaria.(13) Este mecanismo es de carácter extraor-dinario y aplica sólo en casos en que no se requiere la ce- *1003 lebración de un juicio para resolver. González Aristud v. Hosp. Pavía, 168 D.P.R. 127 (2006). La parte que promueve dicha solicitud debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre al-gún hecho material. Id. La parte que se opone a dicha so-licitud debe controvertir la prueba presentada y no debe cruzarse de brazos o se corre el riesgo de que se resuelva en su contra. Luan Invest. Corp. v. Rexach Const. Co., 152 D.P.R. 652 (2000). Sin embargo, el mero hecho de que el promovido no se oponga, no implica necesariamente que ésta proceda, ya que debe proceder en derecho. Corp. Presiding Bishop CJC of LDS v. Purcell, 117 D.P.R. 714 (1986).
Para evaluar una solicitud de sentencia sumaria se deben considerar todas las alegaciones en el expediente, interrogatorios, admisiones, en unión a las declaraciones juradas y verificar si hay o no controversia real sobre algún hecho material. Corp. Presiding Bishop CJC of LDS v. Purcell, supra. Cualquier duda sobre la existencia de una controversia de hechos pertinentes y materiales debe ser resuelta contra la parte que solicita la sentencia sumaria. Mgmt. Adm. Servs. Corp. v. E.L.A., 152 D.P.R. 599 (2000). No se debe utilizar este mecanismo en casos muy complejos o que involucren el interés público. González Aristud v. Hosp. Pavía, supra.
Ill
Con el beneficio del Derecho antes descrito, pasamos a revisar la presente controversia. El Tribunal de Apelacio-nes confirmó al foro primario y decidió que el Municipio conocía del traspaso del contrato a Quest, por lo que era válida su cesión y extensión. Además, avaló las determina-ciones del foro a quo sobre que la ley permite que los con-tratos que no estén por escrito sean subsanables y sobre el consentimiento tácito del Municipio para extender el contrato. Entendemos que erró al así hacerlo.
*1004 A. El Municipio alega que entre Quest y éste nunca existió un contrato. Además, arguye que el contrato que suscribió con Las Marías no fue válidamente trasferido a Quest al fin de obligarle.
Por su parte, Quest sustenta su contención en principios generales de derecho contractual sin considerar las regula-ciones especiales que no se cumplieron y que persiguen propiciar una adecuada fiscalización de los gastos públicos. En su alegato, Quest expresa que “las cartas extendiendo el término del contrato, la solicitud de servicios adicionales y las admisiones de funcionarios municipales inequívoca-mente demuestran el consentimiento del Municipio a dicha cesión”.(14)
Quest sostiene que nuestros pronunciamientos en Cor-dero Vélez v. Mun. de Guánica, supra, son inaplicables, pues en aquellos hechos nunca existió un contrato. Mani-fiesta que las cartas enviadas por la Supervisora de la División de Compras y Subastas, el Director Auxiliar de Compras y Suministros y el Gerente Interino de la Oficina del Municipio eran suficientes para consentir la cesión y para extender el contrato. El inciso (10) del contrato sus-crito con Las Marías expresamente prohibía la cesión del contrato a no ser por el consentimiento previo y por escrito de la Junta de Subasta. Nuestras expresiones en Cordero Vélez v. Mun. de Guánica, supra, aplican, pues tratan acerca del consentimiento de la Junta de Subasta. La Ley 81, supra, dispone la forma en que la Junta emite sus re-soluciones y acuerdos. Descansa Quest en una carta en-viada a todos los clientes de Las Marías informando la cesión. La razón para exigir una previa aprobación de la Junta pretende asegurar que las personas que brindan ser-vicios a los municipios sean adecuadas y cumplan con los requisitos de ley. Quest no ha demostrado que obtuvo el consentimiento previo y por escrito de la Junta para dicha cesión, por lo que la cesión no vincula al Municipio.
*1005 B. Arguye Quest en su defensa que de la conducta del Municipio se deduce su consentimiento tácito para contratar. Olvida, una vez más, que los principios genera-les en materia de contratos no son suficientes en este tipo de contratación cuando no se cumple con los requisitos que imponen las leyes especiales aplicables.
Las cartas para extender el contrato fueron suscritas por empleados municipales no autorizados en ley para comprometer al Municipio, por lo que no le obligaron.(15) Además, las cartas para extender el término de vigencia de la relación jurídica entre las partes no puede considerarse un contrato entre estas partes, pues no cumplen con los requisitos de ley para constituir un contrato escrito que vincule al Municipio.
La enmienda a la Ley 18, supra, en nada cambia el re-sultado aquí expuesto, pues en la enmienda sólo se consi-dera la remisión del contrato a la Oficina del Contralor, siendo aún exigible cumplir con el requisito indispensable de hacer un contrato escrito. Decidir lo contario abriría las puertas a actuaciones ilegales en detrimento de los fondos públicos. No procede imponerle al Municipio el cumpli-miento de un contrato ineficaz por no ceñirse a la ley. Es imprescindible para la sana administración el apego a las normas establecidas.
Quest sabía o debía saber que las cartas que se le envia-ron para extender el contrato eran ineficaces y en nada vincularon al Municipio. Las partes privadas que contra-tan con el Gobierno deben velar por el fiel cumplimiento de las leyes o se arriesgan a sufrir pérdidas económicas por su descuido.
Una vez más, desalentamos firmemente la inobservancia de la ley y la actuación de los empleados del Municipio. Es deber de todo municipio asegurar que todos *1006 sus funcionarios se ajusten a los procedimientos estableci-dos en la Ley de Municipios Autónomos. No empece, “[l]a buena administración de un gobierno es una virtud de de-mocracia, y parte de una buena administración implica lle-var a cabo sus funciones como comprador con eficiencia, honestidad y corrección para proteger los intereses y dine-ros del pueblo ...”. Mar-Mol Co., Inc. v. Adm. Servicios Gens., 126 D.P.R. 864, 871 (1990).
Por no haber alguna controversia real sobre algún he-cho material, procede dictar sentencia sumaria para deses-timar la reclamación contra el Municipio.
IV
Por los fundamentos antes expuestos, se revoca la sen-tencia recurrida y emitida por el Tribunal de Apelaciones. Se declara “con lugar” la solicitud de sentencia sumaria presentada por el Municipio y se dicta sentencia de confor-midad desestimando la demanda de autos.
La Jueza Asociada Señora Rodríguez Rodríguez concu-rrió con el resultado sin opinión escrita.

 31 L.P.R.A. sec. 2994.

 31 L.P.R.A. sec. 3391.

 31 L.P.R.A. sec. 3401.

 J. Puig Brutau, Fundamentos de Derecho Civil, Barcelona, Ed. Bosch, 1985, T. II, Vol. 1, pág. 41.

 Puig Brutau, op. cit., pág. 43.

 31 L.P.R.A. sec. 3403.

 Puig Brutau, op. cit., pág. 44.

 J.R. Vélez Torres, Derecho de Contratos, T. IV, Vol. II, 1990, pág. 1.

 21 L.P.R.A. sec. 4001 et seq.

 21 L.P.R.A. sec. 4505.

 2 L.P.R.A. sec. 97.

 21 L.P.R.A. sec. 4109.

 32 L.P.R.A. Ap. III.

 Alegato en Oposición de Quest, pág. 12.

 Así lo demuestra la certificación de Órdenes Ejecutivas firmadas por el Alcalde. Apéndice del recurso, pág. 514.